**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN J. BLISS,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>     Appellee. | No. 25-337<br><br>D.C. No.<br>4:24-cv-00021-BMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted March 9, 2026**
Portland, Oregon

Before: COLLINS and FORREST, Circuit Judges, and FITZWATER, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Justin J. Bliss ("Bliss") appeals the denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review the district court's order affirming the ALJ's denial of social security benefits *de novo* and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (emphasis added) (citation omitted).

2. We do not consider Bliss's argument that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), affects the level of deference that we give to the ALJ. Bliss forfeited this argument below by failing to properly raise it before the district court. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (declining to consider arguments that the claimant failed to properly raise before the district court). We also note that the district court did not address this issue in its order upholding the ALJ's determination, further cautioning against evaluation on appeal.

3. The ALJ did not err in evaluating the medical evidence. Substantial evidence supports the ALJ's partial rejection of the opinions of Traci Martin, Dean Orvis, and Jimmie Barnwell based on inconsistencies in the record. In determining that these opinions were only partially persuasive, the ALJ reasonably relied on

evidence indicating that Bliss's course of conservative treatments adequately managed his physical symptoms. *See Kitchen*, 82 F.4th at 740 (finding no error where ALJ discounted medical evidence based on inconsistencies in the medical record).

Moreover, the ALJ properly incorporated Bliss's mental limitations into the residual functional capacity assessment. In assessing Bliss's mental limitations, the ALJ cited more than Bliss's self reports, relying additionally on providers' observations of Bliss's physical appearance and demeanor as well as Bliss's treatment record and improvement with medication. *See Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022) (substantial evidence supported inconsistency finding where medical opinion conflicted with "overall treating notes and mental status exams in the record"). We decline to second guess the ALJ's resolution of inconsistencies in the medical record. *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." (citation omitted)).

4. Additionally, the ALJ did not improperly discount Bliss's subjective symptoms testimony. Where, as here, there is no evidence of the claimant's malingering and the ALJ determines that objective medical evidence establishes an impairment that could reasonably produce the symptoms of which the claimant

3                                                              25-337

complains, the ALJ must offer clear and convincing reasons for rejecting the claimant's testimony. *Smartt*, 53 F.4th at 497.

In this case, the ALJ pointed to contradictions between Bliss's testimony and the medical record, including evidence of improvement in Bliss's physical and psychiatric symptoms and his conservative treatment. The ALJ carefully reviewed the record evidence concerning Bliss's mental status and reasonably concluded that his mental impairments were being adequately addressed through his course of treatment. These are clear and convincing reasons for rejecting Bliss's testimony that are supported by substantial evidence. *See Warre v. Comm'r of SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."); *Smartt*, 53 F.4th at 496-97 (concluding that the ALJ properly discounted the claimant's testimony based on inconsistencies with the medical record and the claimant's conservative treatment). Bliss has not identified other portions of his testimony that established additional limitations.

5. Finally, because the ALJ did not err in evaluating the evidence, Bliss has not shown that the ALJ's hypothetical posed to the vocational expert was flawed. *See Robbins v. SSA*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a

4                                                                                          25-337

vocational expert, the ALJ must only include those limitations supported by substantial evidence.").

**AFFIRMED**.